United States District Court

For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8   WEI SUEN,                              No. C-06-0508 VRW (EMC)
9            Plaintiff,
10      v.                                 **NOTICE OF SETTLEMENT**
                                           **CONFERENCE AND SETTLEMENT**
11  DEMAS WAI YAN, *et al.*,               **CONFERENCE ORDER**
12           Defendants.
    _____/
13
14
15  TO ALL PARTIES AND COUNSEL OF RECORD:
16      The above matter was referred to Magistrate Judge Edward M. Chen for settlement purposes.
17  You are hereby notified that a settlement conference is scheduled for **March 26, 2007, at**
18  **10:00 a.m.**, Courtroom C, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco,
19  California  94102.  Any questions regarding scheduling of the settlement conference should be
20  directed to Judge Chen's secretary, Leni Doyle, at (415) 522-4050.
21      ♦       **Settlement Conference statements shall be lodged with Judge Chen's chambers**
22              **by March 12, 2007.  If this case is designated as an electronic filing ("e-filing")**
23              **case, statements must be lodged by hard copy only and should not be**
24              **electronically filed.**
25      It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to
26  evaluate the case for settlement purposes is completed by the date of the settlement conference.
27  Counsel shall cooperate in providing discovery informally and expeditiously.
28

**Lead trial counsel** shall appear at the settlement conference **with the parties**.  Any party who is not a natural person shall be represented by the person or persons not directly involved in the events which gave rise to the litigation but with **full authority** to negotiate a settlement.  A person who needs to call another person not present before agreeing to any settlement does not have **full authority**.  **Full authority means authority to accept the last demand or counter-offer by the other party.**  If a party is a governmental entity, its governing body shall designate one of its members or a senior executive to appear at the settlement conference with authority to participate in the settlement conference and, if a tentative settlement agreement is reached, to recommend the agreement to the governmental entity for its approval.  **An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.**  The Court shall be notified immediately if the carrier declines to attend.  **Personal attendance of a party representative** will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged as early as the basis for the hardship is known but no later than the settlement conference statement.

Each party shall prepare a settlement conference statement, which must be lodged (not faxed) with the Magistrate Judge's chambers and served upon opposing counsel no later than fourteen (14) calendar days prior to the conference.  The settlement conference statement shall be submitted on 3-hole punched paper.  The settlement conference statement should **not** be filed with the Clerk of the Court.  In order to encourage candid discussion of the case with the Court, any party may submit a confidential supplemental settlement letter to the Court not to exceed three (3) pages.  The contents of this supplemental confidential settlement letter will not be disclosed to the other parties.

The settlement conference statement shall not exceed ten (10) pages of text and twenty (20) pages of exhibits and shall include the following:

1.     A brief statement of the facts of the case.

2.     A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded, and a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses.  The more candid the parties are, the more productive the

2

**United States District Court**
For the Northern District of California

1   conference will be.  As noted above, a supplemental confidential settlement letter containing such a

2   candid evaluation may be submitted.

3         3.     A list of the key facts in dispute and a brief statement of the **specific** evidence

4   relevant to a determination of those facts.

5         4.     A summary of the proceedings to date and any pending motions.

6         5.     An estimate of the out of pocket expenses, attorney's fees and time to be expended for

7   further discovery, pretrial and trial.

8         6.     The relief sought, including an itemization of damages.  If plaintiff seeks attorney's

9   fees and costs, plaintiff's counsel shall be prepared at the conference to provide sufficient

10  information to enable the fee claim to be evaluated for purposes of settlement.

11        7.     The party's position on settlement, including present demands and offers and a history

12  of past settlement discussions.  The Court's time can best be used to assist the parties in completing

13  their negotiations, not in starting them.  Accordingly, plaintiff must serve a demand in writing no

14  later than fourteen (14) days before the conference, and defendant must respond in writing no later

15  than eight (8) days before the conference. The parties are urged to carefully evaluate their case

16  before taking a settlement position since extreme positions hinder the settlement process.

17        Settlement conference statements **may** be submitted on CD-ROM with hypertext links to

18  exhibits.  Otherwise, the portion of exhibits on which the party relies shall be highlighted.

19        It is not unusual for the conference to last three (3) or more hours.  Parties should be

20  prepared to devote the entire day to the conference if necessary.  Parties are encouraged to

21  participate and frankly discuss their case.  Statements they make during the conference will not be

22  admissible at trial in the event the case does not settle.  The parties should be prepared to discuss

23  such issues as:

24        1.     Their settlement objectives.

25        2.     Any impediments to settlement they perceive.

26        3.     Whether they have enough information to discuss settlement.  If not, what additional

27  information is needed.

28        4.     The possibility of a creative resolution of the dispute.

1    Because the settlement conference will likely involve some assessment of claims, defenses

2  and relief in the case, the parties should have available at the conference documents, exhibits, and

3  other items essential to that assessment not already attached as exhibits to the settlement conference

4  statement.

5    Any request to continue the settlement conference shall state the reason therefor and be

6  submitted in writing as soon as possible after consultation with the opposing party but well in

7  advance of the scheduled conference date.  Submission is acceptable at facsimile number (415) 522-

8  4200.

9    The parties shall notify chambers immediately at (415) 522-4050 if this case settles prior to

10  the date set for settlement conference.  Counsel shall provide a copy of this order to each party who

11  will participate in the conference.

12

13    IT IS SO ORDERED.

14

15  Dated: February 14, 2007

16  _____

17  EDWARD M. CHEN
   United States Magistrate Judge

**United States District Court**
For the Northern District of California

4