IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re

DEMAS WAI YAN, aka DENNIS YAN         No CV 06-0508 VRW

            Debtor.                    (Appeal from Bankr No 04-33526)
_____
                                              ORDER
WEI SUEN

        Plaintiff/Appellant

              v

DEMAS YAN, et al,

        Defendants/Appellees
_____/
```

      This order clarifies procedural issues pertaining to the court's adjudication of this appeal.

      This case is one of three appeals that resulted from the Amended Judgment of the Bankruptcy Court in In re Demas Wai Yan dated March 3, 2006. The Notice of Appeal for the first appeal, Yan v Fu, et al, Appeal No 06-00509, was filed on January 1, 2006; this appeal was dismissed by stipulation on August 23,

2006, following settlement. The second appeal, <u>Chen v Yan</u>, Appeal No 06-00363, was filed on January 20, 2006. This appeal was dismissed by stipulation on August 23, 2006, for the same reasons as the first appeal. The Notice of Appeal for the instant appeal, <u>Suen v Yan, et al</u>, was filed in this court on January 26, 2006.

The parties filed a series of stipulated extensions of time delaying proceedings on this appeal. See eg, Doc #9, 10, 11, 13-16, 23. In each case, the stipulation represented that the parties were close to settlement. No statement of issues was ever filed. Fed R Bankr P 8006. Apparently due to appellant's failure to perfect the appeal, moreover, the bankruptcy court record was never transmitted to the district court. Appellant filed his Opening Brief on Appeal nearly sixteen months after the appeal was filed, on May 17, 2007. Inexplicably, the brief attached a "Second Amended Statement of Issues and Designation of Record," even though no previous statement of issues and designation of record was ever filed. With the opening brief, bankruptcy trustee Janina Elder's brief was filed on June 14, 2007, and appellant submitted a reply brief on June 21, 2007. The appeal is now fully briefed, although this court has yet to receive the record on appeal.

Federal Rule of Bankruptcy Procedure 8006 requires an appellant, within ten days of filing the notice of appeal, to file with the court clerk and serve on the appellee: "a designation of the items to be included in the record on appeal and a statement of the issues to be presented * * *." The local rules of this court require that the record on appeal include "a

2

1  transcript of the hearing or a summary thereof agreed upon by all
2  parties." BLR 8006-1.  If an appellant fails to prosecute the
3  appeal as required, he or she is subject to "such action as the
4  district or bankruptcy court deems appropriate, which may include
5  dismissal of the appeal."  Fed R Bankr P 8001.
6          The court also has the authority to dismiss a case for
7  lack of prosecution pursuant to its inherent authority, in order
8  to prevent "undue delays in the disposition of pending cases,
9  docket congestion, and, the possibility of harassment of a
10 defendant."  Medeiros v US, 621 F2d 468, 470 (1st Cir 1980).
11 Even where the party has not shown actual prejudice, "prejudice
12 is presumed from unreasonable delay."  Moore v Telfon
13 Communications Corp, 589 F2d 959, 967-68 (9th Cir 1978).
14         In this case, appellant failed timely to perfect the
15 appeal.  The statement of issues and designation of record on
16 appeal was due on February 6, 2006.  Appellant submitted the
17 exhibit entitled Second Amended Statement of Issues and
18 Designation of Record on May 17, 2007, sixteen months after the
19 Notice of Appeal was filed, with no explanation for the delay.
20 It is not even clear that he filed this paper with the Bankruptcy
21 Court, which would finally have prompted action by the clerk of
22 that court.
23         Appellant states in the reply brief that "if the Court
24 indicates that it would be helpful to have the entire record
25 recreated, [appellant] will undertake the project."  Doc #34 at
26 1.  Appellant also states that "[u]nless and until the Court
27 indicates it would have a use for [the record] * * *, this would
28 seem to be a waste of resources for no purpose * * *."  Id.  This

3

reply demonstrates confusion about the procedural rules applicable to bankruptcy appeals.  The requirements for perfecting an appeal are not optional or flexible; they are jurisdictional and therefore mandatory.

Appellee has not moved to dismiss for failure to perfect the appeal but complains in her brief that appellant's excerpts are insufficient for purposes of briefing and review of the matter.  Appellee's Br at 18-20.  She does not argue for dismissal, but asks the court to disregard issues newly raised in appellant's brief.  Id.

It is within the court's power to dismiss the appeal due to the procedural errors that have hampered review.  Given the lack of a motion by the appellee, the court refrains from dismissal at this point and will consider appellee's request to disregard certain issues in connection with its review of the merits.  The court hereby orders appellant to perfect his appeal no later than July 6, 2007 in compliance with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules of this court.  Failure to do so will result in dismissal of this appeal.

For the foregoing reasons, the court VACATES the hearing date scheduled for July 12, 2007.  The hearing on this matter will take place on August 2, 2007 at 2:00 pm.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

4