```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORIA

 3

 4  WEI SUEN,                       )

 5                 PLAINTIFF,       )

 6  VERSUS                          )   CASE NO. C06-0508VRW(EMC)

 7                                  )   APRIL 23, 2008

 8  DEMAS YAN, ET AL.,              )   SAN FRANCISCO, CALIFORNIA

 9                 DEFENDANTS.      )

10  _____ )

11              BEFORE THE HONORABLE EDWARD M. CHEN

12         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

13

14  APPEARANCES:
    FOR MOVANT          CORPORATE COUNSEL LAW GROUP
15  WEI SUEN:           BY:  JOHN CHU, ESQ.
                        505 SANSOME STREET #475
16                      SAN FRANCISCO, CALIFORNIA 94111

17  FOR TRUSTEE:        STROMSHEIM & ASSOCIATES
                        BY:  JOANNE M. LA FRENIERE
18                      ATTORNEY AT LAW
                        201 CALIFORNIA STREET SUITE 350
19                      SAN FRANCISCO, CALIFORNIA 94111

20  ALSO PRESENT:       BARTHOLOMEW LEE, ESQ.

21

22

23

24  REPORTED BY:        JUANITA GONZALEZ

25                      CSR NO. 3003
```

```
 1            THE CLERK:  C0-0508, WEI SUEN VERSUS DEMAS YAN.
 2            STATE YOUR APPEARANCES FOR THE THE RECORD.
 3            MS. LAFRENIERE:  GOOD MORNING.  JOANNE LA FRENIERE ON
 4   BEHALF OF THE TRUSTEE FOR THE DEMAS BANKRUPTCY CASE.
 5            MR. CHU:  JOHN CHU, SPECIALLY APPEARING FOR THE MOVANT,
 6   WEI SUEN.
 7            MR. LEE:  NOT SURE WHICH MIKE I SHOULD BE SPEAKING
 8   FROM.  MY NAME IS BARTHOLOMEW LEE.  WE ARE MR. SUEN'S FORMER
 9   COUNSEL.  I'M NOT HERE IN ANY WAY TO TAKE A POSITION ON THE
10   MERITS OF THE MATTER BEFORE THE COURT.  I AM HERE, POTENTIALLY,
11   AS A MATERIAL WITNESS FOR THE MATTER TO GO TO FACT FINDING, AND
12   DID NOT WANT TO ACQUIESCE BY SILENCE IN ANYTHING SAID IN THE
13   PAPERS.
14            THE COURT:  I UNDERSTAND THE ISSUE, TO FRAME IT
15   LEGALLY, IS WHETHER THERE CAN BE A RECENSION OF THE SETTLEMENT
16   AGREEMENT BASED ON A UNILATERAL MISTAKE.  THAT IS THE LEGAL
17   FRAMEWORK, AS I UNDERSTAND IT.  THAT MR. SUEN IS ALLEGING HE WAS
18   NOT MADE AWARE OF CERTAIN THINGS, SUCH AS THE ASSETS HELD IN THE
19   BANKRUPTCY, HELD BY THE BANKRUPTCY TRUSTEE; THAT THE TERMS DID
20   NOT INCLUDE THINGS HE EXPECTED, SUCH AS IMMEDIATE PAYMENT, SUCH
21   AS PRE-JUDGMENT INTEREST FROM THE DATE OF THE CONTRACT, STATE
22   VERSUS FEDERAL RATE.
23            MR. CHU:  YES, YOUR HONOR.  THAT STEMS FROM A LACK OF
24   UNDERSTANDING AS TO PRECISELY WHAT THE BANKRUPTCY TERMINOLOGY OF
25   AN UNSECURED, NON-PRIORITY GENERAL AND SECURED NON-PRIORITY
```

1   CLAIM IS.  THAT IS BANKRUPTCY NOMENCLATURE.  HE DIDN'T KNOW WHAT
2   THAT MEANT.  NO ONE EXPLAINED IT TO HIM.  SO I THINK EVERYTHING
3   HE COMPLAINS ABOUT FALLS OUT OF THAT NOMENCLATURE  -- THIS IS
4   THE PLAN.
5            MS. LA FRENIERE:  I'D LIKE TO JUST UP-DATE THE COURT
6   THAT ON FRIDAY, THE 18TH, THE BANKRUPTCY COURT DID APPROVE
7   INTERDISTRIBUTION, AND IT'S PREMISED ON THIS CLAIM BEING -- NOT
8   BEING SET ASIDE.  ASSUMING THAT HAPPENS, THE TRUSTEE IS PREPARED
9   TO MAKE THE DISTRIBUTION THAT IS THE SUBJECT OF THE COMPROMISE.
10  SO I WANT THE COURT TO KNOW THAT.
11           THE COURT:  TO A CERTAIN EXTENT, THAT OBVIATES THE
12  QUESTION ABOUT WHETHER HIS ACCEPTANCE, MR. SEUN'S ACCEPTANCE, AS
13  AN UNSECURED CREDITOR IN BANKRUPTCY.  WHAT I AM HEARING HAS BEEN
14  REPRESENTED TO THE COURT IS THAT HE WILL BE PAID IN FULL, AT
15  LEAST ACCORDING TO THE TERMS OF THE SETTLEMENT.
16           MS. LA FRENTIERE:  THAT IS CORRECT; AND THE TRUSTEE IS
17  PREPARED TO ISSUE THE CHECKS AS SOON AS THE ORDER IS ISSUED; SO
18  IT LOOKS LIKE IT WOULD BE POISED TO HAVE TO BE PAID BY THE END
19  OF THIS MONTH.
20           MR. CHU:  ACTUALLY, THAT OBVIATES A LITTLE TOO --
21   THE PRINCIPAL WOULD BE PAID FAIRLY QUICKLY -- I PRESUME WITHIN
22  THE TIME IT WOULD TAKE FOR THE TRUSTEES TO GET A CHECK CUT.
23  HOWEVER, THE INTEREST ON HIS CLAIM WOULD PROBABLY NOT BE PAID
24  FOR QUITE A WHILE UNTIL THE END OF THE BANKRUPTCY CASE.  AND ON
25  TOP OF THAT, IT WOULD BE INTEREST AT THE FEDERAL RATE.

```
 1              THE COURT:  THAT GOES TO ANOTHER ISSUE.  THAT GOES TO
 2   THE ISSUE OF MISUNDERSTANDING ABOUT THE INTEREST RATE, THE DATE
 3   FROM WHICH IT ACCRUED.
 4              MR. CHU:  ACTUALLY, THE INTEREST RATE FOLLOWS FROM THE
 5   CHARACTERIZATION OF GENERAL, UNSECURED, NON-PRIORITY CLAIM.  IF
 6   IT WERE A PAYMENT ON HIS CLAIM, IT WOULD BE -- IF IT WERE
 7   PAYMENT TO THE CLAIM THAT HE RAISED IN THE BANKRUPTCY COURT,
 8   WHICH WAS A STATE CLAIM, IT WOULD HAVE BEEN AT THE STATE
 9   JUDGMENT RATE OR THE STATE LEGAL RATE; BUT BECAUSE ITS BEEN
10   CHARACTERIZED AS A GENERAL, UNSECURED NON-PRIORITY CLAIM, THAT
11   AUTOMATICALLY MEANS IT'S NOW FEDERAL RATE INSTEAD OF THE
12   UNDERLYING STATE RATE, AND THAT WOULD AMOUNT TO A FAIR SUM, YOUR
13   HONOR.  THE DIFFERENTIALS ARE, I THINK, TWO OR THREE PERCENT
14   FEDERAL RATE, 10 PERCENT STATE LEGAL RATE.
15              MS. LA FRENIERE:  IF I MAY INTERJECT, I'D LIKE TO SAY
16   SOMETHING PROPHYLACTICALLY; THAT TO THE EXTENT THAT ANY OF THE
17   SETTLEMENT COMMUNICATIONS -- WELL, WE OBJECT TO ANY
18   CONFIDENTIALITY BEING VIOLATED AT THIS JUNCTURE.  THE SETTLEMENT
19   WAS A CONFIDENTIAL NEGOTIATION, AND SO I WANT TO SAY THAT AT
20   THIS POINT.
21              THE OTHER THING I WANT TO SAY IS THAT IT SEEMS THAT
22   MR. SUEN IS ASSUMING THAT HIS BEST CASE SCENARIO IS HIS CLAIM.
23   THE CLAIM IS UNLIQUIDATED.  THAT WAS THE WHOLE POINT OF THE
24   SETTLEMENT CONFERENCE, IS THAT WE WERE AT A JUNCTURE WHERE THERE
25   WAS A RANGE BETWEEN WHO KNOWS WHAT, PERHAPS ZERO TO WHO KNOWS
```

```
 1  WHAT, PERHAPS 900 AND CHANGE, A THOUSAND.  SO THERE ARE ALL

 2  KINDS OF OTHER DISPUTES THAT HAD NOT YET BEEN RESOLVED, AND THAT

 3  HAD TO BE RESOLVED EITHER THROUGH FINDINGS OF FACT OR LEGAL

 4  CONCLUSIONS.  NONE OF THAT HAD HAPPENED.  IT WAS STILL A WIDE

 5  OPEN FIELD.

 6         THE COURT:  SO YOU'RE SAYING THE STATE RATE MAY NOT

 7  HAVE APPLIED ANYWAY.  BUT BEFORE WE GO FURTHER, ARE YOU ASKING

 8  THAT THIS PROCEEDING BE HELD UNDER SEAL OR DO SOMETHING

 9  DIFFERENT PROCEDURALLY?

10         MS. LA FRENIERE:  I'M JUST SAYING, SO FAR WE HAVEN'T

11  GOTTEN INTO THE ACTUAL COMMUNICATIONS, AND I JUST WANT TO SAY

12  BEFORE THAT BRIDGE IS CROSSED, THAT I OBJECT TO THAT, AND THIS

13  IS NOT THE PROCEEDEDING FOR THAT KIND OF HEARING.

14         THE COURT:  WELL, ALL RIGHT.  THEN THAT RAISES A

15  PROCEDURAL QUESTION.  LET ME LAY IT OUT THIS WAY, PUT A LEGAL

16  FRAMEWORK ON IT.  THIS IS A UNILATERAL MISTAKE QUESTION.  THE

17  QUESTION IS WHETHER THE CONTRACTS CAN BE RESCINDED AS A RESULT

18  OF A MISTAKE.

19         MY UNDERSTANDING OF THE LAW IS THAT IT CAN BE IF IT'S A

20  MATERIAL TERM AND EITHER THE OTHER SIDE KNEW ABOUT THE MISTAKE

21  BEING ENTERED INTO BY THE OTHER SIDE, OR ENFORCEMENT OF THE

22  CONTRACT WOULD BE UNCONSCIONABLE.  THAT'S MY UNDERSTANDING OF

23  THE LAW THAT APPLIES HERE.  I DON'T THINK THERE IS ANY DISPUTE

24  THAT -- ANY CLAIM THAT THE TRUSTEE KNEW THAT MR. SUEN WAS

25  LABORING UNDER A MISUNDERSTANDING, AND THERE IS NO ALLEGATION OF
```

1 EVIDENCE OF THAT; SO THE ULTIMATE QUESTION IS WHETHER THIS

2 CONTRACT IS UNCONSCIONABLE, TO ENFORCE IT WOULD BE

3 UNCONSCIONABLE.  AND, FRANKLY, IF WE GET INTO CONFIDENTIAL

4 COMMUNICATIONS -- STOP ME IF YOU WANT TO PROCEED DIFFERENTLY.

5        MS. DE FRENIERE:  THANK YOU.

6        THE COURT:  BUT MY RECOLLECTION WAS THAT, FIRST OF ALL,

7 ON THE QUESTION OF HOW MUCH ASSETS WERE IN THE TRUST, IN THE

8 BANKRUPTCY HELD BY THE BANKRUPTCY TRUSTEE, THAT ACTUALLY WAS A

9 MATTER THAT WAS DISCUSSED.  IT WAS STATED IN THE SETTLEMENT

10 CONFERENCE STATEMENT SUBMITTED BY THE TRUSTEE.  IT WAS ALSO

11 BROUGHT TO MY ATTENTION BY PLAINTIFF AND PLAINTIFF'S COUNSEL,

12 THAT THERE WERE OTHER ASSETS BEING HELD, INCLUDING PROPERTY ON

13 23RD AVENUE, HONG KONG, ETCETERA, ETCETERA.  NO SECRET TO THE

14 PLAINTIFF THAT THE ASSETS EXCEEDED THE AMOUNT OF THE SETTLEMENT

15 HERE.

16        WHETHER THAT WOULD BE ENOUGH TO COVER EVERYTHING HERE,

17 I DON'T KNOW.  I DON'T GIVE MUCH WEIGHT TO THE -- I DON'T KNOW

18 THAT THE TRUSTEE HAD MORE MONEY ARGUMENT.  THE QUESTION IS, IS

19 THERE SOMETHING UNCONSCIONABLE ABOUT THIS PROCESS IF HE DIDN'T

20 UNDERSTAND WHAT IT WAS AND WHETHER THE SUBSTANTIVE TERM OF THE

21 SETTLEMENT WAS UNCONSCIONABLE IF ENFORCED.

22        AND, YOU KNOW, IT'S A LITTLE WIERD FOR ME TO SIT AS

23 MEDIATOR AND NOW AS THE ADJUDICATOR.  AT LEAST ONE WHO WILL DO

24 THE RECOMMENDATION.  THAT'S WHAT I HAVE BEEN ASSIGNED TO DO.  MY

25 RECOLLECTION WAS THAT WE TALKED ABOUT VARIOUS RANGES, AND THAT

```
 1  THIS SETTLEMENT WAS ACTUALLY WITHIN -- VERY CLOSE TO THE RANGE
 2  OF POTENTIAL VALUES; THAT GIVEN ALL THE ACCOUNTING DISPUTES AND
 3  EVERTHING ELSE, IT WAS WITHIN THE RANGE OF REASONABLENESS.  IN
 4  FACT, IT WAS JUST SLIGHTLY BELOW THE UNDISCOUNTED RANGE OF
 5  REASONABLENESS, ACCORDING TO MY RECOLLECTION, OF WHERE YOU TAKE
 6  INTO ACCOUNT A LITIGATION RISK DISCOUNT AND POTENTIAL ATTORNEY
 7  FEES COST LITIGATING THEIR CASE IF THIS CASE WERE GOING TO BE
 8  APPEALED, IF JUDGE WALKER SAID IT WAS GOING TO BE APPEALED, THAT
 9  SORT OF STUFF.  IT WAS WITHIN THE RANGE OF REASONABLENESS.
10          I'M HAVING A HARD TIME FINDING ENOUGH SUBSTANTIVE
11  UNCONSCIONABILITY.  GIVEN THAT -- I MEAN -- THE THING THAT
12  TROUBLES ME MOST IS IF HE DIDN'T REALLY UNDERSTAND WHAT IT WAS
13  AND IF HIS ATTORNEYS DISOBEYED HIS DIRECTIVES OR GAVE HIM
14  INFORMATION THAT WAS NOT ACCURATE, THAT'S TROUBLING.  THE
15  PROBLEM IS, I'M NOT SURE THAT RISES TO THE LEVEL OF
16  UNCONSCIONABILITY SUFFICIENT TO INVALIDATE OR RESCIND A
17  CONTRACT.
18          I'LL LET YOU ADDRESS THAT, IF YOU WOULD LIKE.
19          MR. CHU:  YOUR HONOR, I WASN'T AT THE CONFERENCE, SO
20  IT'S DIFFICULT FOR ME TO COMMENT ON WHAT THE COURT RECOLLECTS AS
21  FAR AS WHAT TRANSPIRED.  HOWEVER, IN THE GENERAL SCHEME OF
22  THINGS, ANYTIME I HAVE EVER BEEN PARTY TO A SETTLEMENT THAT WAS
23  RECITED INTO THE COURT RECORD, THE PARTIES HAD ALWAYS BEEN, I
24  GUESS, VOIR DIRED, AS FAR AS THEIR UNDERSTANDING OF THE
25  SETTLEMENT TERMS.  IN THIS CASE, THE TRUSTEE'S COUNSEL USED A
```

1  BANKRUPTCY TERM AND IT'S EVIDENT, AFTER THE FACT, THAT MY CLIENT

2  DIDN'T UNDERSTAND WHAT THE CONSEQUENCES OF THAT PARTICULAR

3  BANKRUPTCY TERM WERE; SO HIS UNDERSTANDING OR LACK OF

4  UNDERSTANDING, I THINK IS REASONABLE.  I THINK VERY FEW LAYMEN

5  WOULD UNDERSTAND THE CONSEQUENCES OF A GENERAL, UNSECURED,

6  NON-PRIORITY CLAIM.

7          AS FAR AS UNCONSCIONABILITY, I RESPECTFULLY SUBMIT THAT

8  ANY TIME PARTIES DON'T FULLY UNDERSTAND WHAT THEY'RE AGREEING

9  TO, THERE IS SOME UNCONSCIONABILITY ENFORCING THAT UNDERSTANDING

10 AGAINST THEM.  IT'S ONE THING IF THERE IS A LACK OF SUBJECTIVE

11 UNDERSTANDING WHEN AN OBJECTIVE PERSON WOULD HAVE UNDERSTOOD.

12 HOWEVER, I DON'T THINK THAT IS THE CASE HERE.  OBJECTIVELY, I

13 WOULD WAGER THAT NINE OUT OF TEN PEOPLE IN THIS ROOM WOULD NOT

14 UNDERSTAND WHAT THE GENERAL CONSEQUENCES WERE AS FAR AS A

15 GENERAL UNSECURED, NON-PRIORITY CLAIM.  SO THAT'S THE PRIMARY

16 BASIS FOR THE RELIEF FROM WHICH MR. SUEN IS  --

17          THE COURT:  WHAT IS YOUR RESPONSE TO THE POINT THAT THE

18 TRUSTEE MAKES HERE THAT THE ASSUMPTION THAT YOUR CLIENT MAKES

19 THAT HE IS ENTITLED TO THIS STATE RATE, EVEN THOUGH THE CLAIM

20 WAS UNLIQUIDATED?  BECAUSE THERE IS A LOT OF DISPUTE ABOUT

21 ACCOUNTING AND WHO PAID WHAT AND HOW MUCH DID MR. YAN REALLY PAY

22 INTO THIS THING AND HOW MUCH HIS INVOICES FOR OTHER PROJECTS.

23 THERE WAS A WHOLE ACCOUNTING DISPUTE THAT WAS QUITE COMPLICATED.

24 TO SAY THERE WAS AN UNLIQUIDATED CLAIM TO WHICH THE 10 PERCENT

25 STATE RATE WOULD APPLY, I DON'T EACH SEE HOW THAT IS ARGUABLE IN

```
 1  THIS CASE.
 2          MR. CHU:  THE RESPONSE TO THAT IS THAT AFTER THE
 3  LIQUIDATION, THE 10 PERCENT RATE WOULD HAVE APPLIED.
 4  MR. SUEN'S CLAIM WAS BASED UPON AN OWNERSHIP SHARE OF THAT
 5  PROPERTY.  THAT PROPERTY WAS A PARTNERSHIP PROPERTY IN WHICH HE
 6  HAD A 25 PERCENT OWNERSHIP SHARE.
 7          THE COURT:  EVEN ASSUMING THAT IS TRUE -- AND THAT WAS
 8  SOMEWHAT IN DISPUTE.  ASSUMING THAT IS TRUE, THOUGH.  THE
 9  PROBLEM IS THERE IS ALL THESE ACCOUNTING QUESTIONS AS TO HOW
10  MUCH EACH PAID AND HOW MUCH OF THE INVOICES WERE ATTRIBUTABLE TO
11  THIS PROPERTY VERSUS SOMETHING ELSE.  THERE WAS A LOT OF
12  ACCOUNTING DISPUTES IN THIS CASE.  SO TO SAY EVEN THOUGH YOU --
13  IF YOU ASSUME IT WAS 25 PERCENT OF -- 25 PERCENT OF 2.5 BILLION,
14  2.2, 1.7 --
15          MR. CHU:  BUT AFTER YOU GOT DOWN TO 25 PERCENT OF
16  WHATEVER, THAT 25 PERCENT WOULD HAVE ACCRUED INTEREST AT THE
17  TEN PERCENT RATE, BECAUSE IT WAS AN OWNERSHIP RESIDUE AS OPPOSED
18  TO AN ACTUAL AMOUNT THAT THE DEBTOR OWED TO HIM.  IT'S A FINE
19  DISTINCTION.  MR. SUEN WAS NOT ASSERTING THAT MR. YAN OWED HIM
20  MONEY UNDER A CONTRACT.  MR. SUEN HAD ASSERTED THAT HE WAS A
21  25 PERCENT OWNER IN A PARTICULAR PIECE OF PROPERTY.
22          MS. DE FRENIERE:  YOUR HONOR, IF I MAY.  I WOULD LIKE
23  TO KIND OF REMIND ALL OF THE PARTIES WHERE WE ARE PROCEDURALLY.
24  THE DECISION OF THE DISTRICT COURT HAS BEEN APPEALED TO THE
25  NINTH CIRCUIT.  EVEN ASSUMING THAT THE COMPROMISES WERE TO BE
```

```
 1  SET ASIDE, IT'S NOT GOING TO GO BACK TO THE THE BANKRUPTCY COURT
 2  AT THIS POINT FOR EVALUATION.  IT'S GOING TO THE NINTH CIRCUIT
 3  ON LEGAL ISSUES.  SO I JUST WANT TO MAKE SURE THAT THE PARTIES
 4  ALL UNDERSTAND THAT IT'S STILL A WIDE OPEN FIELD ON WHAT THE
 5  RESULT IS GOING TO BE IN THIS CASE, HOW THE INTEREST IS VALUED,
 6  WHAT THE INTEREST IS, AND WHAT DIFFERENCE IS APPLIED TO THE
 7  INTEREST.  IT'S COMPLETELY OPEN.  THERE IS NOT AN ADJUDICATION
 8  THAT IS GOING TO STICK AT THIS TIME.
 9          THE COURT:  ALL RIGHT.  LET ME ASK THE LAW FIRM THROUGH
10  YOU, MR. LEE.  DO YOU HAVE ANYTHING TO ADD?  I DON'T THINK YOU
11  SUBMITTED ANY -- I DON'T RECALL ANY AFFIDAVIT OR ANYTHING.
12          MR. LEE:  NO, YOUR HONOR.  WE MADE A DELIBERATE
13  DECISION NOT TO SUBMIT A DECLARATION CONTRADICTING ANYTHING. I
14  ACTUALLY TOOK COUNSEL WITH THE FORMER JUDGE OF THIS COURT AS TO
15  WHAT WE SHOULD DO UNDER THE CIRCUMSTANCES, AND WE ARE HERE TO
16  SAY THAT OUR SILENCED IS NOT ACQUIESCENCE IN ANY WAY TO ANY
17  FACTUAL STATEMENT MADE ABOUT ANYTHING THAT HAPPENED, AND WE TAKE
18  NO POSITION WHATSOEVER ON THE SUBSTANCE OF THE MOTION.
19          THE COURT:  I WILL TAKE THE MATTER UNDER SUBMISSION.
20  MY UNDERSTANDING IS THAT THIS HAS BEEN REFERRED TO ME.
21  ULTIMATELY, IT WILL BE JUDGE WALKER'S DECISION.
22          MS. LA FRENIERE:  I WOULD LIKE TO MAKE A FINAL POINT.
23  SEEMS TO ME, BECAUSE THE FRAMEWORK IS THAT THE COMPLAINANT HAS
24  TO SHOW EITHER A UNILATERAL MISTAKE OR OR UNCONSCIONABILITY OF
25  THE FACTS THAT ARE BEING RAISED, IT DOESN'T REALLY GO TO EITHER
```

1  OF THOSE POINTS.  IT SEEMS TO ME THAT WHAT THE ISSUE IS IS THE
2  DIGNITY OF A COMPROMISE THAT'S READ INTO THE RECORD AND THAT
3  EVERYONE HAS A CHANCE TO INDICATE ASSENT TO, AND IF THERE IS A
4  SEPARATE ISSUE THAT HAS DO WITH THE SEPARATE RELATIONSHIPS, THEN
5  IN THE TRUSTEE'S OPINION, THERE IS A SEPARATE FORM FOR THAT.
6  THIS IS NOT IT.
7           THE COURT:  MAYBE.  ON THE OTHER HAND,
8  UNCONSCIONABILITY IS SOMEWHAT AN ELASTIC TERM THAT INCLUDES BOTH
9  SUBSTANTIVE AND PROCEDURAL, AND IT'S A FAIRLY HIGH BAR.  WHETHER
10 THAT TEST HAS BEEN MET HERE -- AND AS YOU CAN TELL FROM MY
11 COMMENTS AND QUESTIONS, I AM SKEPTICAL, BUT I WILL LOOK AT THE
12 RECORD, READ THAT AFFIDAVIT ONE MORE TIME, TO BE FAIR.  I DO
13 THINK THAT IS THE FRAMEWORK AND THAT IS THE QUESTION.  I WON'T
14 ZAY IT'S TOTALLY IRRELEVANT HERE.
15          MR. CHU:  THANK YOU, YOUR HONOR.
16          MS. LA FRENIERE:  THANK YOU.

```
 1
 2
 3
 4
 5
 6
 7
 8         I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE
 9  TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER.
10
11
12
13
14
15
16
17
18  /S/ JUANITA GONZALEZ
19  CSR NO. 3003
20
21  MAY 14, 2008
22
23
24
25
```